No. 9046.

## HUTSON v. PRESSNALL.

PROMISSORY NOTE.—*Failure of Consideration.*—*Vendor and Purchaser.*—*Contract.*—In a suit upon a note for purchase-money of land, an answer which avers that the note was given in consideration of the payee's promise to cause a mortgage held by another, securing several notes, to be released and the land to be conveyed by a third party to the maker; that these things were done; that afterwards one of the notes which had not been surrendered was deposited with a bank, the mortgage foreclosed by the bank as against the purchaser, of which the payee had notice, the property sold, a deed made and possession of the land taken, is insufficient to constitute a defence.

From the Henry Circuit Court.

*E. Saint, M. L. Reed* and *M. E. Forkner,* for appellant.
*W. Grose,* for appellee.

BEST, C.—This action was brought by the appellee against

the appellant to recover the amount of a note made by him to her for the purchase-money of some real estate.

The appellant filed an answer of six paragraphs. A demurrer was sustained to the fifth paragraph, to which an exception was reserved, after which the appellant withdrew the first, second, third and fourth paragraphs of the answer. The sixth paragraph was a plea of payment, upon which a trial was had, and final judgment rendered for the appellee.

The error assigned is the ruling of the court upon the demurrer to the fifth paragraph of the answer.

The facts averred in this paragraph are substantially these: That the plaintiff, on the 23d day of September, 1874, was the owner in fee of a certain parcel of land described, in Henry county, Indiana, and on said day sold and conveyed by warranty deed said land to James Crandall for $800; that said Crandall at the same time executed to her his mortgage upon said land to secure said purchase-money, which mortgage was duly recorded in said county on the same day; that on the 11th day of March, 1875, said Crandall sold, and by warranty deed conveyed, said land to Oliver P. Morris, for $1,200, for which said Morris made him three notes, one for $500, due Christmas, 1875, one for $500, due one year thereafter, and one for $200, due two years thereafter, and made a mortgage upon said land to secure said notes, which mortgage was duly recorded in said county, on said day; that on the 31st day of August, 1875, the plaintiff sold said land to the defendant for $800, and agreed to release the mortgage made by Crandall to her, and to procure a release by said Crandall of the mortgage made by said Morris to him, and to procure said Morris to convey the land to the defendant, so as to vest in him a title in fee, free from encumbrances; that, in pursuance of said agreement, the plaintiff released the mortgage upon said land made to her by Crandall, and said Crandall on the 31st day of August, 1875, acknowledged the payment of the three notes, made by Morris to him, and released the mortgage made by Morris to him to secure their payment, and said Morris

afterwards, on said day, executed to the defendant a deed of warranty of said land, and the defendant, in consideration of the plaintiff's agreement to sell, release and convey the land as above stated, paid the plaintiff $200, and executed to her six notes, of $100 each, of which the note in suit is one, and that said note was executed for no other or different consideration; that afterwards, in February, 1877, the Bundy National Bank brought an action in said court against the defendant, said Brooks and said Crandall, alleging in the complaint that said Crandall, on the 11th day of March, 1876, deposited with said bank the note of $500, due Christmas, 1875, and the mortgage securing it, as collateral security; that the defendant, upon being served with process, notified the plaintiff of the pendency of the action, and of its nature, and the plaintiff agreed to appear and defend the action, but neglected to do so, in consequence of which judgment was taken against him by default; that on the 6th day of February, 1877, judgment was rendered in said cause in favor of said bank, upon said note, for $557.33, and the foreclosure of the mortgage; that afterwards, on the 28th day of March, 1877, said land was sold upon said decree, to said bank, and a certificate of purchase issued; that after the expiration of a year from said sale, to wit, on the 29th of March, 1879, said sheriff conveyed said land to said bank, under which deed said bank, on said day, took possession of said land, and still retains the same. The answer then proceeds: " The defendant further avers, that he had no knowledge whatever, and no grounds of suspicion, that the said note of $500, and said mortgage executed by said Morris, had been in any manner transferred or assigned to said bank by said Crandall, or any other person; on the contrary said Crandall entered payment in full, and a release of said mortgage upon said record before he purchased said land of plaintiff, and before defendant received said deed from said Morris; wherefore the consideration of said note has wholly failed."

We have no brief from the appellee, and do not know what

view the lower court took of the pleading. The appellant, in his argument, assumes that Crandall had deposited the note and mortgage with the bank before he released the mortgage of record, and upon this assumption insists that the answer was sufficient.

The facts averred are not as assumed. The answer avers that the release was made on the 31st day of August, 1875, and the note and mortgage were deposited with the bank on the 11th of March, 1876. The averments in the conclusion of the answer seem to imply that the note and mortgage were deposited before the mortgage was released, but it is not so averred. On the contrary, it is averred that it was not done till afterward. The dates in appellant's brief are the same as they are in the record, and we must treat the paragraph as averring that the release was made before the note was deposited. Thus treated, the paragraph was clearly insufficient, and the record does not present the question discussed by appellant. If there is any mistake as to these dates, it has not been suggested, and we have no means of discovering it. As the note was not deposited with the bank until after the mortgage had been released, the latter could not have been foreclosed if the appellant had defended the suit. The omission of the appellee to do so, as averred, does not render the paragraph sufficient. She was under no obligation to do so, and this duty could not be imposed upon her by notifying her that such suit had been brought. When she had caused Crandall to release the mortgage while he held the notes, she had fully complied with her contract, and the subsequent foreclosure of the mortgage and sale of the property in no manner impaired the consideration of the notes in suit. The demurrer was properly sustained, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.